(126 So. 607)

## NELSON et al. v. STATE.
### 3 Div. 646, 647.

Court of Appeals of Alabama.
March 4, 1930.

Hybart & Dickey, of Evergreen, for appellants.

Charlie C. McCall, Atty. Gen., for the State.

PER CURIAM.

This appeal has been considered and determined by the court en banc. The two appellants were law enforcement officers, members of the state law enforcement force of officers provided for by chapter 25, art. 11, §§ 925–931, of the Code 1923.

The conviction of these appellants was for a violation of the prohibition laws of the state by having certain two kegs of whisky

in their possession. The prosecution was begun by affidavit of one A. M. Barfield, who at the time was sheriff of Conecuh county, Ala. It appears to us, from the record, that the respective contentions grew out of a controversy between the sheriff and said officers as to which of them was the proper custodian of the kegs of whisky in question.

It was shown upon the trial, without dispute: That some months prior to this prosecution complainant Barfield, the sheriff, called upon the state chief law enforcement officer, McAdory, to send him some members of his force to assist him in the enforcement of the prohibition law as to certain parties in his county who he was unable to detect and apprehend. Similar calls from said sheriff had been made and responded to upon several occasions prior to the one out of which this controversy originated, and it seems that upon each of said occasions the officers thus detailed or assigned had been successful in detecting, also in apprehending, the supposedly guilty parties. That the particular kegs of whisky in question had been captured by these appellants, and by them it had been stored in the jail vault, from which place it was delivered to them by the person then in charge of the jail when they called for it at the time complained of, and by them, under orders and instructions from the chief law enforcement officer, carried to Montgomery to be delivered to the United States commissioner to be used as evidence in prosecutions pending against the original offenders in the federal court. That, upon the return of Sheriff Barfield, the message for him left by these appellants to this effect was delivered, whereupon he immediately swore out the warrants, the basis of these prosecutions, and on the same afternoon, accompanied by his deputy, went to Montgomery armed with said warrants, which he executed upon his arrival in Montgomery that night. The chief was absent from Montgomery at the time, and the evidence shows that, when the attitude of the sheriff was made known to them, they immediately offered to return the two kegs of whisky to the sheriff, and did so return it on the night of the same day they had received it from the custodian of the jail. They, in person, returned to Evergreen in an automobile and delivered the whisky back to the jail.

■ It also appears from the evidence that the trial in the state courts against the original offenders Barlow and Andress in connection with this whisky had been finally tried and determined some months before the occurrence here complained of; but, notwithstanding this, Sheriff Barfield the complainant, upon whose affidavit and warrant these prosecutions originated, had failed or refused to discharge his duties in connection with this whisky by destroying same as contraband within ten days after conviction of the parties aforesaid. The statute provides (section 4773 of the Code 1923): Whenever prohibited liquors and beverages, or any of them, are seized and held for use as evidence before any court on the trial of any person for a violation of the prohibitory laws of the state, or the prohibitory ordinance of any city, and the person is convicted for violating such law or ordinance in any way, by his connection with or possession or ownership of the liquors, then, within ten days after conviction, *without any order of the court to that effect*, the custodian of the liquor is authorized to proceed *and shall proceed to destroy the same* as contraband and forfeited to the state."

Thus it appears, to this extent, Sheriff Barfield himself as custodian of this whisky was unlawfully in possession thereof; he not having complied with the statute aforesaid, the provisions of which are mandatory.

■ Chief Law Enforcement Officer McAdory testified, as did also these two appellants, that the action of the accused parties in securing this whisky from the jail at Evergreen and bringing it to Montgomery was under and upon his express orders and instructions. And while upon the trial there was some conflict and controversy upon the question, we are clearly of the opinion from all the evidence that the lower court erred in not granting appellant's motion for a new trial. There appears no necessity to deal specifically with the several exceptions reserved to the court's rulings. We are of the opinion that the reasonable probabilities of the innocence of these appellants, and to which they under the law are entitled, are too numerous to permit a conviction to stand under the whole evidence adduced upon this trial.

Reversed and remanded.